## In re STATEWIDE GRAND JURY INVESTIGATION.

### No. 98–82–A.

Supreme Court of Rhode Island.

Feb. 26, 1999.

Richard B. Woolley, Providence.

Richard A. Boren, John F. Dolan, Joseph V. Cavanagh, Peter J. McGinn, Richard A. Gonnella, Herbert F. DeSimone, Andrew B. Prescott, Providence; Joseph Mollicone, Robert A. D'Amico, Jr., Carter J. Evans; John G. Hines, Providence.

### ORDER

The petitioner, Lares Group II, a limited partnership, by John G. Laramee, as general partner (Lares), appeals from a Superior Court order denying its petition to release grand jury material. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this case without further briefing or argument.

The petitioner is the plaintiff in a federal court suit involving several individuals and partnerships. The federal complaint alleges that plaintiff suffered damages as a result of defendants' illegal and corrupt actions. Among the defendants named in petitioner's federal court action is former Governor Edward DiPrete. The petitioner requested release of records and testimony presented to the grand jury in connection with its investigation of Governor DiPrete and asked for permission for the office of the attorney general to release copies of grand jury transcripts of the testimony of several witnesses connected to the case. In federal court, Judge Lovegreen ruled that the plaintiff's motion to compel production of grand jury transcripts and exhibits would be granted subject to the ruling of the state court on the petition for the release of materials. The petitioner's request was denied in Superior Court. At the time of that hearing, this court's opinion in the case of *State v. DiPrete*, 710 A.2d 1266 (R.I.1998) had not yet been issued and the Superior Court justice ruled that the release of grand jury material would not be proper since the case against former Governor DiPrete was still pending. After this court remanded the *DiPrete* case to Superior Court for a trial on the merits, the defendants entered a guilty plea and the case was closed.

In light of this development, the present appeal may be dismissed without prejudice and the case remanded to Superior Court

where petitioner may again move to release grand jury material.

Justice GOLDBERG did not participate.